a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MICHAEL DORSEY (#129046), Plaintiff | CIVIL ACTION NO. 1:17-CV-1647-P |
| VERSUS | JUDGE DEE D. DRELL |
| SANDY MCCAIN, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Michael Dorsey (#129046) ("Dorsey"). Dorsey was granted leave to proceed *in forma pauperis*. (Doc. 12). Dorsey is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana.

Dorsey fails to state a constitutional claim for which relief can be granted, so his federal claims should be dismissed with prejudice. Dorsey's claims under state law should be dismissed without prejudice.

I. Background

In his original complaint, Dorsey alleges that, in November 2016, he received notice that a disciplinary conviction had been remanded on appeal. (Doc. 1, p. 2). Dorsey alleges that, on December 7, 2016, the disciplinary charge was dropped. (Doc. 1, p. 2). Dorsey was not released from the maximum custody cell. (Doc. 1, p. 2).

On December 25, 2016, Dorsey was notified by a family member that his brother, also an RLCC inmate, had died of "unknown causes." (Doc. 1, p. 2). Because

Dorsey was still classified as a maximum custody prisoner, he was not allowed to attend his brother's funeral. (Doc. 1, p. 2).

In his original complaint, Dorsey maintains that he should have been released from maximum custody to the general population on December 7, 2016, when the disciplinary charges were dropped. Dorsey claims Defendants did not release him as retaliation. (Doc. 9, p. 6). Additionally, Dorsey claims Defendant McCain failed to act or intervene "to correct the obvious wrongs done" after being placed on notice through the grievance process. (Doc. 9, p. 7).

Dorsey also claims Defendants were deliberately indifferent to his brother's medical needs in violation of the Eighth Amendment, which resulted in the death of Dorsey's brother. (Doc. 9, pp. 6-7).

Finally, Dorsey alleges negligence under Louisiana law. (Doc. 9, p. 7).

In his amended complaint (Doc. 16), Dorsey complains about a second disciplinary conviction on December 27, 2017, for which Dorsey was sanctioned with 10 days disciplinary segregation and four weeks' loss of phone privileges. (Doc. 16-1, p. 1). Dorsey complains the disciplinary conviction is invalid, and he is innocent of the charges. (Doc. 16).

## II. Law and Analysis

### A. Dorsey's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Dorsey is a prisoner who has been allowed to proceed *in forma pauperis*. Title 28 U.S.C. § 1915A provides for the preliminary screening of lawsuits filed by prisoners seeking redress from an officer or employee of a governmental entity. See

Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding that private prison-management corporations and their employees are state actors under § 1983). Because Dorsey is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B. Dorsey's claims regarding the first disciplinary conviction are prescribed.

Dorsey complains that he should have been released from disciplinary segregation on December 7, 2016, when his disciplinary charge was dismissed. (Doc. 9, p. 6). Dorsey's suit was filed on December 20, 2017. (Doc. 1). The statute of limitations for a § 1983 action is borrowed from state law. See Alford v. United States, 693 F.2d 498, 499 (5th Cir. 1982). Louisiana tort law provides a one-year prescriptive period. See La. Civ. Code art. 3492; Gaspard v. United States, 713 F.2d 1097, 1102 n. 11 (5th Cir. 1983). Federal law, however, determines when a § 1983 cause of action

3

accrues.  See United Klans of America v. McGovern, 621 F.2d 152, 153 n. 1 (5th Cir. 1980).  Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  Such knowledge encompasses both: (1) the existence of the injury; and (2) the connection between the injury and the defendant's actions.  See Brown v. Nationsbank Corp., 188 F.3d 579, 589-90 (5th Cir. 1999).  Actual knowledge is not necessary for the limitations period to commence "if the circumstances would lead a reasonable person to investigate further."  Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995).

Dorsey claims he should have been released from segregation when his disciplinary charge was dismissed on December 7, 2016.  Because Dorsey was aware of this claim on December 7, 2016, Dorsey had one year from that date within which to file suit.  Dorsey's complaint was not filed until December 20, 2017, and it is dated December 14, 2017.  Because Dorsey did not file a grievance regarding Defendants' failure to release him from segregation, he is not entitled to equitable tolling.  See Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002).  Therefore, Dorsey's claim regarding disciplinary segregation is prescribed.

To the extent Dorsey claims he was kept in segregation as retaliation, Dorsey has failed to provide facts in support of his inference of retaliation.  To state a claim for retaliation, an inmate must allege: "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation."  Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999) (citing McDonald v. Stewart, 132 F.3d 225, 231 (5th Cir. 1998)).

4

An inmate must allege more than his personal belief that he is the victim of retaliation. See Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted). Dorsey did not identify a constitutional right for which he was allegedly subjected to retaliation, nor has Dorsey provided facts to support his conclusory allegation of retaliation.

### C. Dorsey fails to state a claim regarding the disciplinary conviction of December 27, 2016.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' see, e.g., Vitek v. Jones, 445 U.S. 480, 493–494 (1980) (liberty interest in avoiding involuntary psychiatric treatment and transfer to mental institution), or it may arise from an expectation or interest created by state laws or policies, see, e.g., Wolff v. McDonnell, 418 U.S. 539, 556–558 (1974) (liberty interest in avoiding withdrawal of state-created system of good-time credits)." Id. (internal quotation marks omitted).

The Constitution does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement. See Sandin v. Connor, 515 U.S. 472, 486-86 (1995). In Sandin, an inmate challenged his 30-day segregation sentence based on a due process violation, and the Supreme Court found that neither the Due Process Clause nor the state created a liberty interest in avoiding disciplinary segregation. Id., 515 U.S. at 487. The Sandin Court explained that liberty interests "will be

5

generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484 (citations omitted). The Court concluded that confinement in disciplinary segregation for 30 days was not a dramatic departure from the ordinary conditions of incarceration and "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Id. at 485–86.

Following Sandin, the Fifth Circuit has held that, absent extraordinary circumstances, placement in administrative segregation will never be a ground for a constitutional claim. Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998). As a general rule, only sanctions that result in loss of good time credits or that otherwise directly and adversely affect the date of release will implicate a constitutionally protected liberty interest. Wolff v. McDonnell, 418 U.S. 539 (1974); Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995).

Dorsey lost no good time credits. He was sentenced to 10 days of disciplinary segregation and four weeks of lost phone privileges. Such a penalty did not deprive Dorsey of a liberty interest inherent in the Constitution, nor did it give rise to a state-created liberty interest. Because Dorsey's sentence does not fall within the realm of "atypical and significant hardship," he was not deprived of a liberty interest, and was not entitled to the protections afforded by the Due Process Clause. See Sandin, 515 U.S. at 486–87; Zebrowski v. U.S. Fed. Bureau of Prisons, 558 F. App'x 355, 359 (5th

Cir. 2014) (temporary commissary and phone restrictions did not implicate due process concerns).

### D. Dorsey cannot state a claim for his brother's wrongful death.

Dorsey claims Defendants were deliberately indifferent to his brother's medical needs in violation of the Eighth Amendment, which resulted in the death of Dorsey's brother. (Doc. 9, pp. 6-7). Dorsey may not assert a § 1983 claim on behalf of his brother. Although a family member may have standing to sue for his own injuries resulting from the deprivation of a relative's constitutional rights, Dorsey does not provide allegations indicating that he meets any of the qualifications to establish standing. See Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996).

A court must look to state law to determine the proper parties under § 1983. See Rhyne v. Henderson County, 973 F.2d 386 (5th Cir. 1992). Louisiana law allows the "surviving brothers and sisters of the deceased" to recover only if the deceased has left "no spouse, child, or parent surviving." La. C.C. Art. 2315.1(A)(3). Dorsey has not alleged that his brother has no surviving spouse, child, mother, or father.

Nor has Dorsey alleged how his personal constitutional rights were violated through the alleged deprivation of his brother's constitutional rights. "[P]ersons who claim a deprivation of constitutional rights, [are] required to prove some violation of their personal rights." Coon v. Ledbetter, 780 F.2d 1158, 1160 (5th Cir. 1986); Golla v. City of Bossier City, 687 F.Supp.2d 645, 654 (W.D. La. 2009) (to the extent sister and brother-in-law of decedent seek to pursue a claim under § 1983 arising from the conduct of the defendants towards decedent, they lack the standing to do so); John v.

7

Police Dep't City of Ville Platte, 10-cv-1755, 2013 WL 786765, at *3 (W.D. La. Mar. 1, 2013). Dorsey has not established standing to sue for the deprivation of his brother's rights.

### E. Dorsey's pendant negligence claims should be dismissed.

A federal court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed. 28 U.S.C. § 1367(c)(3); Noble v. White, 996 F.2d 797, 799 (5th Cir. 1993). Among the factors to be considered in exercising this discretion are judicial economy, convenience, fairness, federalism, and comity. See Rosado v. Wyman, 397 U.S. 397, 403-04 (1970). When all federal claims are dismissed prior to trial, these factors weigh heavily in favor of declining to exercise jurisdiction. See Bunch v. Duncan, No. 3-01-CV-0137, 2002 WL 324287 at *4 (N.D. Tex. Feb. 27, 2002) (citing Parker & Parsley Petroleum Co. v. Dresser Industries, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendant are dismissed.").

Accordingly, since dismissal of Dorsey's federal claims is being recommended, it is also recommended that Dorsey's negligence claims under Louisiana law be dismissed without prejudice to his right to file suit in the state courts.

## III. Conclusion

For the forgoing reasons, IT IS RECOMMENDED that Dorsey's complaint be DENIED and DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b) and

§ 1915A, except Dorsey's negligence claim, which should be dismissed without prejudice to seeking relief in state court.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __18th__ day of June, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge

9